**JS-6**

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>BAILEY & ASSOCIATES, APC<br>        DEBTOR,<br>_____<br><br>Bailey & Associates APC<br><br>    Appellant,<br><br>  v.<br><br>Brown and Charbonneau LLP,<br><br>    Appellee.<br>_____ | Case No. SACV 10-01856-VAP<br>USBC Case No. SA 10-23758-ES<br><br>**ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER GRANTING RELIEF UNDER 11 U.S.C. § 362(d)(1)** |

**I. BACKGROUND**

In 2006, Appellant Bailey & Associates ("Bailey") hired Appellee Brown & Charbonneau ("Brown") to represent Bailey in a collection action brought against Bailey by one of Bailey's former clients. (Doc. No. 7 (Ex Parte Application to Staying Pending Appeal), Ex. 4 at 5.) A dispute later arose between Bailey and Brown regarding attorney's fees related to Brown's representation of

Bailey. (Id. at 5-6.) In 2008, Bailey was dissolved. (Id. at 6.) That same year, Brown brought an arbitration action against Bailey and received a default against Bailey. (Id.) On September 11, 2009, Brown brought suit in the California Superior Court for the County of Orange ("Superior Court") asserting five claims related to Bailey's default ("State Action"): (1) breach of personal guarantee; (2) violation of uniform fraudulent transfers act; (3) successor liability; and (4) liability for violation of bulk sales notice requirements. (In re: Bailey & Assoc., APC, Case No. 8:10-bk-23758-ES, Doc. No. ("Bankr. Doc. No.") 1 at 8-17.)

On September 28, 2010, Bailey filed a voluntary bankruptcy petition under Chapter 7 in the United States Bankruptcy Court for the Central District of California. (Bankr. Doc. No. 1.) On October 12, 2010, Brown filed a "Motion for Relief From Automatic Stay" ("Mot. for Relief"). (Bankr. Doc. No. 4.) On November 2, 2011, Bailey filed an opposition to the Motion for Relief ("Opp'n to Relief"). (Bankr. Doc. No. 7.) On November 8, 2010, Brown filed a reply ("Reply for Relief"). (Bankr. Doc. No. 8.) On November 16, 2010, following a hearing, the Bankruptcy Court granted Brown relief from the automatic stay under 11 U.S.C. § 362(d)(1) ("Order"), which was entered on December 8, 2010. (Bankr. Doc. No. 17.) The Bankruptcy Court's Order found Bailey filed its

bankruptcy action in "bad faith," and Brown's state claims against Bailey arose under non-bankruptcy law and accordingly could be "most expeditiously resolved" in a non-bankruptcy forum.  (Id.)

On December 3, 2010, Bailey filed a Notice of Appeal of the Bankruptcy Court's Order in this Court.  (Doc. No. 1.)  On February 18, 2011, Bailey filed a motion to stay pending appeal ("Motion to Stay").  (Doc. No. 15), and on March 13, 2011, Brown filed an opposition ("Motion to Stay Opposition") to the Motion to stay (Doc. No. 16).  On April 1, 2011, Bailey filed its opening brief ("Opening Br.") (Doc. No. 25) and an Appendix ("Bailey App.") (Doc. No. 26).  On April 15, 2011, Brown filed a "reply brief" ("Brown Br.")  (Doc. No. 30) and an Appendix ("Brown App.") (Doc. No. 30-1).  On April 29, 2011, Bailey filed a motion to strike portions of Brown's Appendix.  (Doc. No. 31.)  On April 29, 2011, Bailey filed its reply brief ("Bailey Reply").  (Doc. No. 32.)

**II. JURISDICTION AND STANDARD OF REVIEW**

Title 28 U.S.C. § 158(a) confers jurisdiction on federal district court to entertain an appeal from a bankruptcy court; it provides in pertinent part:  "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."

A district court reviews a bankruptcy court's order to list an automatic stay under 11 U.S.C. § 362 for an abuse of discretion. See In re Mac Donald, 755 F.2d 715, 716 (9th Cir. 1985) ("A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion."). The bankruptcy court's legal conclusions are subject to de novo review, see In re Taylor, 884 F.2d 478, 480 (9th Cir. 1989), while its factual findings are reviewed under a "clearly erroneous" standard. Fed. R. Bankr. P. 2013; In re Irwin, 338 B.R. 839, 844 (E.D. Cal. 2006) (quoting In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)). Finally, "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Id.

### III. DISCUSSION

After filing a Chapter 7 bankruptcy, the debtor is granted an automatic stay. 11 U.S.C. § 362(a). The bankruptcy court, however, may grant a creditor relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the [bankruptcy court] shall grant relief from [a] stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."). "Cause" is determined on a case-

by-case basis. <u>In re Tucson Estates, Inc.</u>, 912 F.2d 1162, 1166 (9th Cir. 1990). Here, Bailey appeals the Bankruptcy Court's Order granting relief from the automatic stay to Brown under 11 U.S.C. § 362(d)(1), on the basis of bad faith. (Opening Br. at 3.) For the reasons set forth below, the Court finds the Bankruptcy did not abuse its discretion in lifting the stay and accordingly AFFIRMS the Bankruptcy Court's Order.

**A. The Bankruptcy Court's Factual Findings Were Not "Clearly Erroneous"**

Bailey appeals the Bankruptcy Court's factual finding that Bailey filed its bankruptcy petition in bad faith. A factual finding of bad faith is reviewed for "clear error." <u>In re Eisen</u>, 14 F.3d 469, 470 (9th Cir. 1994); <u>In re Mallas Enter., Inc.</u>, 37 B.R. 964, 967 (9th Cir. BAP 1984) ("Whether or not a case has been filed in bad faith involves questions of fact. . . ."). Under the clearly erroneous standard, "the court must accept the bankruptcy court's findings of fact unless, upon review, the court is 'left with the definite and firm conviction that a mistake has been committed' by the bankruptcy judge." <u>In re Greene</u>, 583 F.3d 614, 618 (9th Cir. 2009) (citing <u>Latman v. Burdette</u>, 366 F.3d 774, 781 (9th Cir. 2004) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948))). Thus, the test for clear error is not whether the reviewing court would make the same

findings, but whether the reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake has been made. <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985). A reviewing court may not overturn a decision, even if it would have weighed the evidence in a different manner, so long as the trial court's view of the evidence is plausible in light of the entire record. <u>Id.</u> at 573-74. Moreover, in applying the clearly erroneous standard, the appellate court views the evidence in the light most favorable to the party that prevailed below. <u>Lozier v. Auto Owners Ins. Co.</u>, 951 F.2d 251, 253 (9th Cir. 1991).

At the hearing on the Motion for Relief, the Bankruptcy Court made a factual finding that Bailey filed the bankruptcy to avoid the State Action, based upon the timing of Bailey's filing of the petition and the existence of only two creditors – Brown and "insider creditor" ClintonBailey – on the bankruptcy petition and schedules. (<u>See</u> Doc. No. 26 at 124 (Transcript of Hearing re: Motion for Relief from Automatic Stay ("Hr'g Tr.")) 9:13-15).) The evidence in the record confirms there were only two creditors listed on Bailey's original petition and schedules. (<u>See</u> Brown App. at 151 (Schedule F – Creditors Holding Unsecured Nonpriority Claims).) Examining the timing of Bailey's filing of the bankruptcy petition, as well as the contents of the petition and

schedule, the Bankruptcy Court held, "[G]iven the representation made in the petition and in the schedules that there were no other creditors that were owed any money," (id. at 10:4-6), Bailey's "bankruptcy was filed for an improper purpose, and that is solely to avoid litigation with the debtor's primary creditor," Brown. (Hr'g Tr. 9:21-25-10:1.)  Viewing the evidence in the light most favorable to Brown, Lozier, 951 F.2d at 253, the Bankruptcy Court's view of the evidence was plausible in light of the entire record.  Anderson, 470 U.S. at 573-74.  The evidence in the record supported the Bankruptcy Court's factual finding of "bad faith"[1] and accordingly was not clearly erroneous.

**B.  The Bankruptcy Court Did Not Err In Lifting the Stay Following a Factual Finding of Bad Faith**

"The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief

---

[1] Bailey's argument that the Bankruptcy Court based its finding of bad faith upon evidence first raised in Brown's Reply for Relief lacks merit; on the contrary, the Bankruptcy Court repeatedly stated that it primarily relied upon the timing of the bankruptcy petition's filing and the contents of the petition and bankruptcy schedules in making its determination of bad faith.  (See Hr'g Tr. 4: 21-22 (Bankruptcy Court: "I relied on the schedules that were actually filed."); 5:15-16 (Bankruptcy Court: "At the time [Bailey] filed its papers, [it] apparently [was] under the impression that there was no debt owed to [creditors other than Brown] . . . . Otherwise, the bankruptcy schedules would have reflected all the other creditors . . . ."); 9:13-15 ("At the time the bankruptcy was filed, the debtor did not list any debt being owed to any other creditor other than an insider.").)

from the stay pursuant to § 362(d)." In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. BAP 1996) (citing In re Walter, 108 B.R. 244, 247 (Bankr. C.D. Cal. 1989)).

"[B]ad faith exists where the debtor only intended to defeat state court litigation." In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994) (citing In re Chinichian, 784 F.2d 1440, 1445-46 (9th Cir. 1986)); see also In re Silberkraus, 253 B.R. 890, 903 (Bankr. C.D. Cal. 2000) ("[B]ankruptcy is not supposed to be like a '7-11' convenience store, where the debtor merely drops in and picks up that which the debtor wants (here, obstruction and delay of the state court litigation).")

The Bankruptcy Court granted Brown's Motion for Relief "under [11 U.S.C. §] 362(d)(1) for cause and the cause being that [Brown's] bankruptcy was filed for the purpose . . . of avoiding litigation with the moving party." (Hr'g Tr. 9:4-7.)  After making a factual finding of bad faith, the Bankruptcy Court's legal conclusion that such a finding warranted lifting the stay was correct, because a "bad faith" bankruptcy constitutes "cause" to lift an automatic stay under 11 U.S.C. § 362(d)(1).  Thus, the Bankruptcy Court's Order lifting the automatic stay survives a de novo review.

**C. Brown Had Standing to Bring the State Action Claims**

Brown sought relief from the automatic stay under 11 U.S.C. § 362(d)(1) in part because Brown's State Action contained claims that did not implicate bankruptcy law and could be "most expeditiously" resolved in state court. (Brown Br. at 3-4.) Bailey contends Brown did not have standing to bring the State Action claims in the Superior Court. (Opening Br. at 23-24.) Bailey argues Brown's State Action claims were "general claims, not particularized ones," which belonged to the Chapter 7 trustee. (Id.) Bailey thus argues Brown lacked standing. (Id.)

Although the Bankruptcy Court's decision did not address standing in detail, the Court nevertheless examines the question here. See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008) ("Federal courts are required sua sponte to examine jurisdictional issues such as standing."). For the reasons below, the Court finds Brown had standing to bring its State Action claims.

In bankruptcy proceedings, the bankruptcy trustee brings general claims, while any injured parties may bring particularized or personal claims. In re Folks, 211 B.R. 378, 387 (9th Cir. BAP 1997). "A cause of action is 'personal' if the claimant himself is harmed

and no other claimant or creditor has an interest in the cause." Id. (quoting Koch Refining v. Farmers Union Cent. Exch., Inc., 831 F.2d 1339, 1348-49 (7th Cir. 1987)). "If [the] claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." In re Folks, 211 B.R. at 387 (citing Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993)).

The record here does not support Bailey's assertion that Brown's claims in the State Action were general, and not particularized. Brown filed the State Action on September 11, 2009. (Bankr. Doc. No. 4 at 8-17.) On September 3, 2009, Mark Bailey testified under oath that Bailey did not have any creditors other than Brown. (Doc. No. 16., Ex. 8 at 21-22.) Bailey later amended its bankruptcy petition to include additional creditors. (Doc. No. 15, Ex. 2.) When Brown brought the State Action claims, however, there were no other known claimants or creditors, let alone other claimants or creditors who could bring the same claims. Bailey has not provided any additional evidence or legal authority to support its contention that the "state law case brought by Brown & Charbonneau is problematic because the claims being asserted against the debtor are . . . claims which are general to all creditors of Bailey &

Associates, APC." (Opening Br. at 23.) Thus, Bailey has failed to establish that Brown lacked standing to bring the State Action claims.

### D. The Bankruptcy Court's "Notice and Hearing" Did Not Abuse Its Discretion

Bailey argues the Bankruptcy Court violated its due process rights in the Order granting relief from the automatic stay. "The Fifth Amendment's requirement of due process applies to bankruptcy proceedings." See In re Nicholson, 435 B.R. 622, 635 (9th Cir. BAP 2010). A bankruptcy court's order granting relief from an automatic stay may be granted only after a "notice and a hearing." 11 U.S.C. § 362(d)(1). The phrase "notice and a hearing" is defined by Section 102(1)(A) of the Bankruptcy Code as "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Accordingly, "[t]he concept of 'notice and a hearing' is a flexible one." In re Nicholson, 435 B.R. at 635 (citations and internal quotations omitted). "The bankruptcy judge has considerable, albeit not unlimited, discretion in determining if the notice and a hearing requirement has been satisfied." Id. (quotation and citation omitted).

Bailey argues the Bankruptcy Court violated its due process rights because Brown's Motion for Relief was submitted on a form pleading. To support its contention that form pleadings violate due process, Bailey cites In re Ingersoll, 238 B.R. 202, 204 (D. Co. 1999). (See Opening Br. at 16 n.4 (citing In re Ingersoll, 238 B.R. at 204 (stating that when the material issues to be resolved are factual questions, a bankruptcy court's boilerplate forms do not give adequate notice)).) This authority is not binding on this court and is inapposite to Bailey's contention that the Bankruptcy Court violated its due process rights. Brown's attorney of record for the Motion for Relief, included a declaration within that motion, stating the following factual basis:

> [Bailey's] bankruptcy petition was filed after [Baily was] ordered [in the State Action] to produce records and respond to discovery showing that all of the assets of Bailey . . . were transferred to Mark Bailey and ClintonBailey, APC to avoid the debt owed to its only creditor[, Brown]. A motion for terminating sanctions was filed . . . just when the [bankruptcy] petition was filed. [Bailey] had dissolved nearly two years ago and it has stated repeatedly under other that its only creditor is [Brown]. This is a two party dispute and the filing was done as a method of delay and forum shopping.

(Mot. for Relief at 7; Harter Decl. at 2.) Moreover, Brown attached additional information to the Motion for Relief. Thus, Brown's Motion for Relief, although submitted in boilerplate form, provided sufficient notice

12

to Bailey of the basis for Brown's contention that Bailey's bankruptcy petition was filed in bad faith.

Moreover, Bailey had an opportunity to respond, and did so, both in writing and at the hearing. Specifically, Bailey submitted a seven-page written opposition to the Motion for Relief, along with two declarations and an exhibit. (See generally Relief Opp'n.) The Bankruptcy Court also conducted a hearing on November 15, 2010, and heard argument from Bailey's counsel. (See generally Hr'g Tr.) After considering the papers filed in support of, and in opposition to, the Motion for Relief, as well as the arguments of counsel at the hearing, the Bankruptcy Court granted the Motion for Relief under section 362(d)(1) for cause, finding Bailey's bankruptcy petition "was filed for the purpose . . . of avoiding litigation with [Brown]." (Hr'g Tr. 9:8-11.) The Bankruptcy Court noted, "This is essentially a two-party dispute, notwithstanding the argument of counsel" (id. 9:11-13), and concluded, "[G]iven the representation made in the petition and in the schedules that there were no other creditors that were owed any money," (id. at 10:4-6), Bailey's "bankruptcy was filed for an improper purpose, . . . solely to avoid

litigation with the debtor's primary creditor," Brown (id. 9:21-25-10:1).[2]

The Bankruptcy Court accordingly did not violate Bailey's due process rights because the Court provided sufficient "notice and a hearing." 11 U.S.C. § 362(d)(1). Specifically, Brown's Motion for Relief gave sufficient notice to Bailey of the factual basis upon which Brown sought relief from the automatic stay. Moreover, before reaching its decision, the Bankruptcy Court conducted a hearing and allowed Bailey an opportunity to voice opposition to the Motion for Relief. Thus, the Bankruptcy Court did not abuse its discretion.

---

[3] Despite Bailey's contention otherwise, the Bankruptcy Court repeatedly stated it relied on Bailey's bankruptcy petition and schedules in finding Bailey acted in bad faith. (See Hr'g Tr. 4: 21-22 (Bankruptcy Court: "I relied on the schedules that were actually filed."); 5:15-16 (Bankruptcy Court: "At the time [Bailey] filed its papers, [it] apparently [was] under the impression that there was no debt owed to [creditors other than Brown] . . . . Otherwise, the bankruptcy schedules would have reflected all the other creditors . . . ."); 9:13-15 ("At the time the bankruptcy was filed, the debtor did not list any debt being owed to any other creditor other than an insider.").)

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's Order granting Brown relief from the automatic stay under 11 U.S.C. § 362(d)(1). The Court DENIES all other pending motions as moot.

Dated: September 6, 2011

VIRGINIA A. PHILLIPS
United States District Judge